This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Jake Weary appeals the order of the Summit County Court of Common Pleas finding that Weary violated the terms and conditions of community control, and reimposing a term of imprisonment. This Court affirms.
 I.
On May 27, 1999, Weary was convicted of one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and placed on community control sanctions for a period of five years. On May 1, 2000, the Summit County Adult Probation Department issued a citation alleging that Weary violated the terms of his community control when he was terminated from a sex offender counseling program.
On May 11, 2000, the trial court convened a hearing and concluded that Weary did violate the terms of his community control. The trial court reimposed Weary's original sentence of eighteen months imprisonment.
Weary now appeals, asserting two assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
 THE ADMISSION OF HEARSAY TESTIMONY FROM AN UNAUTHENTICATED LETTER AT HIS COMMUNITY CONTROL VIOLATION HEARING VIOLATED DEFENDANT'S DUE PROCESS RIGHT OF CONTRONTATION AND CROSS- EXAMINATION GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES AND SECTION 14, ARTICLE I OF THE OHIO CONSTITUTION.
 In his first assignment of error, Weary claims that testimony from a letter was inadmissible hearsay that caused him prejudice. This Court disagrees.
Weary objected to the testimony of Summit County Adult Probation Officer Robert Woods. Woods testified to the contents of a letter he received from Portage Path Community Mental Health Center ("Portage Path") that indicated Weary had been discharged from sex offender counseling. Attending sex offender counseling was a condition of Weary's community control sanction.
The rules of evidence do not apply to probation revocation hearings. Evid.R. 101(C)(3). However, probation revocation hearings must satisfy the minimal guarantees of due process. Gagnon v. Scarpelli (1973),411 U.S. 778, 782, 36 L.Ed.2d 656, citing Morrissey v. Brewer (1972),408 U.S. 471, 33 L.Ed.2d 484. Among the due process guarantees at a probation revocation hearing is the right to confront and cross-examine adverse witnesses. Gagnon, supra, at 786.
Probation revocation hearings are different than formal criminal trials though:
 However, probation revocation proceedings are narrow, flexible inquiries, wherein the court may consider "letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Morrissey, supra, at 489, 33 L.Ed.2d at 499. As such, evidence that bears "substantial indicia of reliability" may be admitted at the hearing without providing the defendant with the opportunity to confront and cross-examine adverse witnesses. State v. Carpenter
(Dec. 17, 1986), Wayne App. No. 2168, unreported.
 Lodi v. Moore (Nov. 18, 1998), Medina App. No. 2835-M, unreported, appeal not allowed (1999), 85 Ohio St.3d 1440. In Moore this Court concluded that a laboratory report was "sufficiently reliable to permit dispensing with the testimony of those who prepare them." Id.
This Court concludes that the letter sent by a doctor from the Portage Path Community Mental Health Center giving notice of Weary's discharge from counseling is the type of reliable evidentiary material contemplated by the United States Supreme Court in Morrissey and this Court inCarpenter. Accordingly, the trial court properly permitted testimony regarding the Portage Path letter.
Weary's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN REVOKING DEFENDANT'S COMMUNITY CONTROL, AS THERE WAS NO EVIDENCE PRESENTED THAT DEFENDANT HAD VIOLATED THE TERMS OF HIS COMMUNITY CONTROL.
 In his second assignment of error, Weary claims there was "no evidence," demonstrating a violation of the terms of his community control sanction. This claim is meritless.
One of the conditions of Weary's community control sanction was that "he is to have sex offender counseling at Portage Path Community Mental Health Center[.]" Pursuant to the letter discussed supra in the first assignment of error, Weary was discharged from sex offender counseling.
Weary for his part makes the spurious argument that since he "did in fact have said counseling * * * he did not violate the terms of his community control[.]" The only reasonable interpretation of the condition of his community control sanction is that the requirement for counseling was an ongoing requirement during the pendency of his term under community control. Since Weary was no longer receiving the requisite counseling, as testified to by Probation Officer Woods, the trial court properly found Weary to have violated the terms of his community control sanction.
Weary's second assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
______________________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J. CONCUR